# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK BOEWER, ) | |
| ) | |
| And ) | |
| ) | |
| JULIE BOEWER. ) | |
| ) | Case No. |
| Plaintiffs, ) | |
| ) | Jury Trial Demanded |
| v. ) | |
| ) | |
| GMAC MORTGAGE CORPORATION. ) | |
| Serve: CSC Lawyers ) | |
|    Incorporating service ) | |
|    Company ) | |
|    221 Bolivar ) | |
|    Jefferson City, MO 65101 ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Come now Plaintiffs Mark Boewer and Julie Boewer, and for their causes of action against the defendant state:

### Jurisdiction

1.  That the Plaintiffs are both individuals and are citizens of the State of Missouri. That defendant GMAC Mortgage Corporation is an entity organized under the laws of a state other than Missouri and has its principal place of business in a state other than Missouri. That the matter in controversy exceeds $75,000.00 excluding interest and costs. This court thus has jurisdiction under diversity of citizenship. 28 U.S.C. Sec. 1332. Further, one count of this complaint arises under 15 U.S.C. Section 1692 (the Fair Debt Collection Practices Act) and another count arises under 12 U.S.C. Sections 2605

(RESPA) and the court has jurisdiction under 15 U.S.C. Section 1692k (FDCPA) as well as 12 U.S.C. Section 2614 (RESPA) respectively.

### Allegations Common to all Counts

1. Plaintiffs at all times herein were husband and wife and were owners of a home located at 1834 Wild Horse Creek Road, Chesterfield, MO. That plaintiffs were consumers and were debtors under a note and deed of trust to one Pulaski Bank for the purchase of a personal residence which later sold the loan to one Wilshire Credit Corporation. That on or about December 14, 2004 said mortgage was purchased by defendant. At the time of defendant's purchase the loan secured by the deed of trust was in default or alternatively alleged by defendant to be in default.

2. That during early 2006 defendant attempted to foreclose on plaintiffs' home claiming arrearages of about $7,500.00. That plaintiffs scraped together the money and avoided the foreclosure at that time by tendering the money in the form of a cashier's check and several money orders. That at the time of the tender plaintiffs believed these amounts to not be owing but paid them to avoid foreclosure on their family home.

3. That thereafter, and within one year of this action defendant sent plaintiffs statements with escalating figures for what the statement called an "unpaid amount" which became frighteningly large and which, by September 18, 2006 amounted to $12,225.20. That such amounts were inaccurate. Further defendant repeatedly either wrongfully advised plaintiffs that their escrow was short or exaggerated the amount of the shortage. Said statements induced great fear in plaintiffs that defendant would again try to take plaintiffs home by a wrongful foreclosure.

4. That plaintiffs sent a letter to defendant properly identifying their loan by

number, borrowers' names and address and asked the defendant to explain its bookkeeping including how they calculated their escrow, applied their payments and directly asked about whether defendant had purchased forced placed insurance and to account for same in plaintiffs account. Defendant responded merely with a statement that its payments were applied in accordance with the law despite contrary language in the deed of trust and ignored the request about forced placed insurance.

5. That plaintiffs became totally frustrated with defendants failures to straighten out their account and its misrepresentations about sums purportedly due which were not due and its failures to answer their questions about the servicing of their account that they refinanced their home at a higher interest rate and with substantial closing costs, fees, charges and attorneys fees to approve the refinance transaction in their pending Chapter 13 bankruptcy in early 2007.

6. That defendant misrepresented to the new lender the payoff figure to obtain a release at $88,844.79, plaintiffs authorized the disbursement of that amount in order to get their property away from defendant and defendant accepted such payoff.

7. Shortly after obtaining the payoff defendant sent plaintiffs back their cashiers check and money orders that plaintiffs had tendered in 2006 to avoid foreclosure which had never been cashed nor credited to plaintiffs' account.

7. That defendant obtained a substantial benefit in that it obtained a payoff of a loan that had a lower interest rate determined by plaintiffs' better financial condition at the time the loan was contracted and forced plaintiffs into a more unfavorable interest rate based upon more damaged credit.

8. Further, plaintiffs both suffered substantial emotional distress which

constituted a real injury as a result of the aforementioned conduct.

## Count I, FDCPA

Come now plaintiffs and for their cause of action under count I state:

1. That Defendant regularly purchases consumer mortgages on personal residences in default and attempts to collect on them. As such, defendant is a debt collector within the meaning of 15 U.S.C. Section 1692. Further, at all times herein mentioned defendant was attempting to collect a debt from plaintiffs and their actions were in connection with those attempts to collect the debt.

2. That the defendant's written statements which included inaccurate "unpaid amounts," its letter that it applied the payments in accord with the law when the loan documents provided for application otherwise and its payoff statement given to the lender containing an inflated figure were all misrepresentations in connection with the collection of a debt as contemplated by the Fair Debt Collection Practices Act.

3. That as a direct and proximate result of such conduct plaintiffs became reasonably fearful that defendant would attempt a wrongful foreclosure. As a result both plaintiffs suffered severe emotional distress that was a real injury. That further plaintiffs were reasonably caused to refinance their home at a higher interest rate, with substantial loan fees and costs, were required to pay their bankruptcy attorney to get them leave to incur the debt and as such plaintiffs have sustained and will in the future sustain pecuniary loss. Further, plaintiffs were required to spend their time seeking refinancing. Further, plaintiffs have incurred and continue to incur attorneys fees.

WHEREFORE: Plaintiffs pray judgment in such sum as is just and reasonable together with attorneys fees and their costs.

## Count II RESPA

Come now plaintiffs and for their cause of action under count II state:

1. That the mortgage was a federally insured mortgage and defendant was a servicer under 12 U.S.C. Section 2605.

2. That the plaintiffs letter referred to in paragraph 4 of the allegations common to all counts was a qualified written request under 12 U.S.C. Sec. 2605(e).

3. That defendant failed to comply with the requirements of 12 U.S.C. Sec. 2605(e) in that defendant wholly and completely failed to respond to plaintiffs questions about forced placed insurance and responded to the remainder of plaintiffs request without conducting a reasonable investigation or alternatively any investigation into their questions.

4. That as a direct and proximate result of such conduct plaintiffs became reasonably fearful that defendant would attempt a wrongful foreclosure. As a result both plaintiffs suffered severe emotional distress that was a real injury. That further plaintiffs were reasonably caused to refinance their home at a higher interest rate, with substantial loan fees and costs, were required to pay their bankruptcy attorney to get them leave to incur the debt and as such plaintiffs have sustained and will in the future sustain pecuniary loss. Further, plaintiffs were required to spend their time seeking refinancing. Further, plaintiffs have incurred and continue to incur attorneys fees.

WHEREFORE: Plaintiffs pray judgment in such sum as is just and reasonable together with attorneys fees and their costs.

*/s/ Blair Drazic*

Blair K. Drazic #10208
711 Old Ballas, Suite 220
Creve Coeur, MO 63141
Phone 314-989-0071
Fax 314-667-4207
E-mail: blairdrazic@aol.com