IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BOEWER, )<br>)<br>And )<br>)<br>JULIE BOEWER. )<br>) | Case No.  4:07-cv- 01099 RWS |
| Plaintiffs, )<br>) | Jury Trial Demanded |
| v. )<br>) | |
| GMAC MORTGAGE CORPORATION )<br>Serve: CSC Lawyers Incorporating )<br>    service Company )<br>    221 Bolivar )<br>    Jefferson City,  MO 65101 )<br>) | |
| EQUIFAX INFORMATION SERVICES, )<br>LLC. )<br>Serve: CSC Lawyers Inc. Service Co. )<br>    221 Bolivar St. )<br>    Jefferson City, MO 65101 )<br>) | |
| CSC CREDIT SERVICES, INC. )<br>Serve: C.T. Corporation System )<br>    1021 Main St., Suite 1150 )<br>    Houston, TX 75002 )<br>) | |
| EXPERIAN INFORMATION )<br>SOLUTIONS, INC. )<br>Serve: The Corporation Company )<br>    120 So. Central Ave. )<br>    Clayton, MO 63105 )<br>) | |
| TRANS UNION LLC, )<br>Serve: The Prentice-Hall Corporation )<br>    221 Bolivar Street )<br>    Jefferson City, MO 65101 )<br>) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Come now Plaintiffs Mark Boewer and Julie Boewer, and for their causes of action against the defendants state:

### Jurisdiction

1.    That the Plaintiffs are both individuals and are citizens of the State of Missouri.  That defendant GMAC Mortgage Corporation (hereinafter "GMAC"), Equifax Information Services LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian") and CSC Credit Services, Inc. (hereinafter CSC) are entities organized under the laws of  states other than Missouri.  One count of this complaint arises under 15 U.S.C. Section 1692 (the Fair Debt Collection Practices Act), another count arises under 12 U.S.C. Sections 2605 (RESPA) and the other count under 15 U.S.C. Sections 1681n and 1681o, the Fair Credit Reporting Act. The court has jurisdiction under 15 U.S.C. Section 1692k (FDCPA) as well as 12 U.S.C. Section 2614 (RESPA), and 15 U.S.C. Sections 1681n and 1681o (FCRA) respectively.

### Allegations Common to all Counts

1.    Plaintiffs at all times herein were husband and wife and were owners of an owner occupied family home located at 1834 Wild Horse Creek Road, Chesterfield, MO. Plaintiffs were consumer debtors under a note and deed of trust to one Pulaski Bank for the ownership of such personal residence.  Such loan was later sold to one Wilshire Credit Corporation.  That on or about December 14, 2004 said mortgage was purchased by defendant GMAC.  At the time of defendant GMAC's purchase the loan secured by the deed of trust was in default or alternatively alleged by defendant GMAC to be in default.

2.      That during early 2006 defendant GMAC attempted to foreclose on plaintiffs' home claiming arrearages of about $7,500.00 by moving for relief from an automatic stay in plaintiffs' then pending chapter 13 bankruptcy.  Plaintiffs with difficulty scraped together the money and avoided the foreclosure at that time by tendering the money in the form of a cashier's check and several money orders to GMAC.  That at the time of the tender plaintiffs believed these amounts to not be owing but paid them to avoid foreclosure on their family home.

3.      That thereafter, and within one year of the filing of this action, defendant GMAC sent plaintiffs statements with escalating figures for what the statements called an "unpaid amount" which became frighteningly large and which, by September 18, 2006 amounted to $12,225.20.  That such amounts were inaccurate. Further defendant GMAC repeatedly either wrongfully advised plaintiffs that their escrow was short or exaggerated the amount of the shortage. Said statements induced great fear in plaintiffs that defendant would again try to take plaintiffs family home by a wrongful foreclosure.

4.      That plaintiffs sent a letter to defendant GMAC properly identifying their loan by number, borrowers' names and address and asked the defendant to explain its bookkeeping.  The letter asked how it calculated its escrow, applied their payments, asked whether defendant had purchased forced placed insurance and asked defendant to account for same in plaintiffs account.  Defendant GMAC responded merely with a statement that its payments were applied in accordance with the law notwithstanding language in the loan documents to the contrary and totally ignored the request about forced placed insurance.

5.      That plaintiffs became so frustrated with defendant GMAC's failures to

straighten out their account, its misrepresentations about sums purportedly due which were not due and its failures to answer their questions about the servicing of their account that they refinanced their home at a higher interest rate and with substantial closing costs, fees and charges in order to get away from defendant GMAC.  Further plaintiffs incurred attorneys fees to approve the refinance transaction in their then pending Chapter 13 bankruptcy in early 2007.

      6.    That defendant GMAC misrepresented to the new lender the payoff figure to obtain a release at $88,844.79.  Plaintiffs authorized the disbursement of that amount from the new lender in order to get their property away from defendant GMAC and defendant GMAC accepted such payoff.  Shortly after obtaining the payoff defendant GMAC sent plaintiffs back their cashiers check and money orders that plaintiffs had tendered with great difficulty in 2006 to avoid foreclosure which had never been cashed nor credited to plaintiffs' account.

      7.    That defendant GMAC obtained a substantial benefit in that it obtained a payoff of a loan that had a lower interest rate determined by plaintiffs' better financial condition at the time the loan was contracted and forced plaintiffs into a more unfavorable interest rate based upon more damaged credit.

      8.    Plaintiffs both suffered substantial emotional distress which constituted a real injury as a result of the conduct alleged herein.

## Count I, FDCPA

Come now plaintiffs and for their cause of action under count I state:

      1.    That Defendant GMAC regularly purchases consumer mortgages on personal residences in default and attempts to collect on them.  As such, defendant is a

debt collector within the meaning of 15 U.S.C. Section 1692.  Further, at all times herein mentioned defendant GMAC was attempting to collect a consumer debt from plaintiffs and their actions were in connection with those attempts.

2.	That the defendant GMAC's written statements which were mailed to plaintiffs which included inaccurate "unpaid amounts," its letter that it applied the payments in accord with the law when the loan documents provided for application otherwise and its payoff statement given to plaintiffs' new lender containing an inflated figure were all misrepresentations in connection with the collection of a debt as contemplated by the Fair Debt Collection Practices Act.

3.	That as a direct and proximate result of such conduct plaintiffs became reasonably fearful that defendant would attempt a wrongful foreclosure.  As a result both plaintiffs suffered severe emotional distress that was a real injury.  Further plaintiffs were reasonably caused to refinance their home at a higher interest rate, with substantial loan fees and costs and were required to pay their bankruptcy attorney to get them leave to incur the debt to refinance. As such plaintiffs have sustained and will in the future sustain pecuniary loss.  Further, plaintiffs were required to spend their time seeking refinancing.

WHEREFORE: Plaintiffs pray judgment in such sum as is just and reasonable together with attorneys fees and their costs.

## Count II RESPA

Come now plaintiffs and for their cause of action under count II state:

1.	That the mortgage was a federally insured mortgage and defendant was a servicer under 12 U.S.C. Section 2605.

2.	That the plaintiffs letter referred to in paragraph 4 of the allegations

common to all counts was a qualified written request under 12 U.S.C. Sec. 2605(e).

3. That defendant failed to comply with the requirements of 12 U.S.C. Sec. 2605(e) in that defendant wholly and completely failed to respond to plaintiffs questions about forced placed insurance and responded to the remainder of plaintiffs request without conducting a reasonable investigation or alternatively any investigation into their questions and by avoiding the questions with an evasive answer that their payments had been applied according to the law.

4. That as a direct and proximate result of such conduct plaintiffs became reasonably fearful that defendant would attempt a wrongful foreclosure.  As a result both plaintiffs suffered severe emotional distress that was a real injury.  That further plaintiffs were reasonably caused to refinance their home at a higher interest rate, with substantial loan fees and costs and were required to pay their bankruptcy attorney to get them leave to incur the debt in their then pending chapter 13. As such plaintiffs have sustained and will in the future sustain pecuniary loss.  Further, plaintiffs were required to spend their time seeking refinancing.

WHEREFORE: Plaintiffs pray judgment in such sum as is just and reasonable together with attorneys fees and their costs.

### Count III, Fair Credit Reporting Act

Come now plaintiffs and for their cause of action against defendants GMAC, Equifax, CSC, Experian and Trans Union and state:

1. That Defendants Equifax, CSC, Experian and Trans Union are each a "consumer reporting agency" within the meaning of Title 15, Section 1681a(f) U.S.C. That defendant GMAC is a furnisher of credit information under the Fair Credit

Reporting Act.

2. That plaintiffs disputed, in writing by certified mail, with defendants Equifax, CSC, Trans Union and Experian, certain inaccurate information in their credit file being furnished by defendant GMAC with respect to the foregoing mortgage loan which indicated only bankruptcy and not that the loan was fully paid during the bankruptcy.  Further, in such dispute correspondence, plaintiffs disputed numerous smaller accounts that were reporting inaccurately including the reporting of erroneous post bankruptcy balances due on accounts discharged and partly paid in their chapter 13 bankruptcy, negative accounts that were not theirs, negative accounts being reported more than once and accounts erroneously reporting chapter 7 discharge rather than Chapter 13 repayment plan. Such disputes were received by defendants.  As such Defendants Trans Union, CSC, Equifax and Experian had a duty under 15 U.S.C. Section 1681i to reinvestigate such disputed items and report the results to plaintiffs.

3. That defendants Experian, Equifax, CSC and Trans Union sent a notices of plaintiffs' disputes to defendant GMAC and defendant GMAC was thereby obligated to conduct a reasonable investigation under 15 U.S.C. Section 1681s-2(b).

4. That  Equifax,  Experian, Trans Union and CSC failed to conduct reasonable investigations of plaintiff's disputes and were thereby negligent, thus violating 15 U.S.C. Section 1681i.

5. That defendant GMAC failed to conduct a reasonable investigation and report the results to the other defendants and were thereby negligent thus violating 15 U.S.C. Section 1681s-2(b).

6. That in performing acts purporting to comply with 15 U.S.C. Sec. 1681i

defendants Equifax, CSC, Trans Union and Experian all disregarded obvious conflicts in their own systems between dates various accounts were opened and applicable bankruptcy dates and further disregarded information that creditors were often reporting inaccurately after bankruptcy or failing to update after bankruptcy and were often doing so with a purpose to collect bankrupt debt at real estate closings and otherwise.  They also disregarded that the credit reporting industry as a whole and all or some of these defendants individually had been placed on clear and adequate notice by class actions and otherwise that there was a huge volume of these bankruptcy reporting problems.  As such they recklessly failed to investigate easily verifiable mistakes having a high potential for error and damage and thus willfully violated 15 U.S.C. Sec. 1681i.

7. That Defendants Equifax, CSC, Trans Union and Experian have issued consumer credit reports on plaintiffs.  As such, in addition to their aforementioned duties to investigate plaintiffs' disputes, they had a duty under 15 U.S.C. Section 1681e(b) to employ reasonable procedures in order to insure the maximum possible accuracy of their reports even in the absence of disputes.

6. That such reports contained multiple misleading inaccuracies that could have been avoided with reasonable procedures in that they reported various consumer accounts as having balances and past due amounts that were partially paid and fully discharged in plaintiffs' chapter 13.

7. That defendants Equifax, Experian, Trans Union and CSC negligently violated 15 U.S.C. Section 1681e(b) in that they failed to employ procedures to cross reference their own information regarding plaintiff's bankruptcy with their own information being reported on plaintiffs' various accounts by furnishers which would

have caught bankrupt debt being reported as due, even despite the fact that defendants had been placed on notice through class action suits and otherwise of a huge problem with discharged debt being reported as due and owing.

8. That defendants Equifax, Experian, Trans Union and CSC willfully violated 15 U.S.C. Section 1681e(b) as follows.  They were placed on a high level of notice, through class action suits and otherwise, that many creditors were reporting substantial amounts of inaccurate information after bankruptcies, including incorrectly reporting balances due after bankruptcies and not updating accounts after bankruptcies to eliminate the due balances.  Defendants also believed or had reason to believe that creditors were thus abusing their systems to collect bankrupt debt at real estate closings and otherwise.  Despite such knowledge, they failed to set up a system of cross referencing that could have been employed with their existing data already in their repositories that would link dates accounts were opened with bankruptcy dates in order to prevent such inaccuracies from being reported.  As such they willfully disregarded a high risk of damaging large numbers of consumers such as plaintiffs.

9. That as a result of defendants' various FCRA violations plaintiffs credit reports incorrectly failed to reflected and continues to fail to reflect  their correct creditworthiness to a substantial degree.

10. That as a direct result thereof plaintiffs suffered emotional distress and damaged credit.  Further, plaintiffs were unable to secure a mortgage at a more favorable interest rate than the loan they secured during bankruptcy that was secured to get away from defendant GMAC as alleged in counts I and II and will be forced to pay excess interest and charges in the future.

WHEREFORE: Plaintiffs pray judgment in such sum as is just and reasonable together with punitive damages, attorneys fees and their costs.

/s/ Blair Drazic
Blair K. Drazic #10208
711 Old Ballas, Suite 220
Creve Coeur, MO 63141
Phone 314-989-0071
Fax 314-667-4207
E-mail: blairdrazic@aol.com